IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ORLANDO TUMACDER and | § | |
| YOLANDA TUMACDER | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS | § | |

### NOTICE OF REMOVAL AND DEMAND FOR TRIAL BY JURY

Defendant STATE FARM LLOYDS, pursuant to 28 U.S.C. §§ 1441(a), 1332(a), and 1367(a), files this its Notice of Removal of suit from the 401st Judicial District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division, and in support thereof would respectfully show the Court as follows:

1.     This is a civil action originally filed on October 28, 2015, and pending in the 401st Judicial District Court of Collin County, Texas, Cause No. 401-04478-2015, in which the Plaintiffs are Orlando Tumacder and Yolanda Tumacder and the Defendant is State Farm Lloyds (the "State Court suit").

2.     Attached as Exhibit "A" to this Notice of Removal and incorporated herein for all purposes are copies of Plaintiff's Original Petition filed on October 28, 2015; Defendant's Answer filed December 11, 2015; Notice Filing of Removal filed on or about December 14, 2015 and, Judge's Docket Sheet.  These papers constitute all processes, pleadings, and orders in the State Court at the time this Notice of Removal is filed.

3.     The Notice of Removal was filed in this Court within thirty (30) days after November 18, 2015, the day that State Farm Lloyds was served with the Original Petition. Therefore, removal is timely under 28 U.S.C. § 1446(b).

4.      Simultaneously with the filing of this Notice of Removal, Defendant has sent, by electronic filing and electronic service, written notice of the removal to Plaintiff's attorney of record, Mr. Michael S. Carnahan, 1190 North Carroll Avenue, Southlake, Texas 76092.

5.      A notice of filing of removal, with a copy of the Notice of Removal previously attached, has been duly filed with the clerk of the 401st District Court of Collin County, Texas, for filing in the State Court suit.

6.      State Farm Lloyds (hereinafter referred to as "State Farm") at the time suit was commenced and at the time of removal, was and is an unincorporated association of underwriters, none of whom is now, or was at the time of this action, a citizen of the State of Texas.  Specifically, the underwriters of State Farm Lloyds are all natural persons who are residents and citizens of the State of Illinois.  Each underwriter is now, and was at the time this action commenced, citizens of the State of Illinois and of no other State.

7.      At the time of suit was commenced and at the time of removal, Orlando Tumacder and Yolanda Tumacder resided in Collin County, Texas.  They are citizens of the State of Texas (herein referred to as "Tumacder").   Complete diversity exists between Plaintiffs and Defendant and complete diversity existed at the time of filing of suit and at the time of removal.

8.      The amount in controversy exceeds the sum of $75,000.

9.      Tumacder's request for an award of damages against Defendant arises from their claim for benefits pursuant to a policy of insurance issued by State Farm to Tumacder.

10. (a). Tumacder  made a claim for damages and seeks monetary relief "in that the amount in controversy exceeds the minimum jurisdictional limits of this Court."  (Plaintiff's Original Petition IIII.)

10. (b). In his lawsuit, Plaintiffs allege that State Farm's breached its contract.  (See Plaintiff's Petition, V. 19. And VI. A.)

10. (c)  Plaintiffs allege Defendant violated many sections of the Texas insurance Code Section 541.  (see Plaintiff's Petition, V. 20, 21, 22, 23, and 24 and Paragraph VI. D.)

10. (d)  Plaintiffs allege Defendant violated many section of the Texas Insurance Code Section 542 (See Plaintiff's Petition, V. 26 and 27 and Paragraph VI. B.)

10. (e)  Plaintiffs further allege that State Farm breached the duty of good faith and fair dealing.  (See Plaintiff's Petition, paragraphs V. 28 and Paragraph VI.E.)

10. (f)  Plaintiffs further allege that State Farm breached DTPA Causes of Action. (See Plaintiff's Petition, paragraphs VI. C.)

10. (g)  Plaintiffs further allege that State Farm is liable to Plaintiffs for common law fraud.  (See Plaintiff's Petition, paragraphs VI. F.)

10. (h). Plaintiffs further allege that they are entitled to damages, including attorney's fees and exemplary damages.  (See Plaintiff's Original petition, VIII and XII.)

11.     Given the breadth and gravity of Plaintiffs' allegations, State Farm has a good faith belief that the amount in controversy exceeds $75,000.00 exclusive of interest and Court costs pursuant to 28 U.S.C. 1332(a).  The amount in controversy necessarily includes (for jurisdictional purposes) claims for "general" and "special" damages and may also include punitive damages if recoverable, as a matter of law.  Boelins v. Redman Homes, Inc., (5th Cir. 1984) 748 F.2d 1058, 1069; Watson v. Blankinship, (10th Cir. 1994) 20 F.3d 383, 386-387. Likewise, attorney fees are included in determining the amount in controversy.  Clark v. National Travelers Life Ins. Co., (6th Cir. 1975) 518 F.2d 1167; Forte v. Southern Farm Bureau Life Ins. Co. (5th Cir. 1990) 918 F.2d 534.  Therefore, it appears, from a good faith reading of the petition

and allegations contained therein, that the Plaintiffs' claims are more than the jurisdictional amount to a legal certainty.  St. Paul Mercury Indem. Co. v. Red Cab. Co., (1938) 303 U.S. 283, 288-289, 58 S. Ct. 586, 590.

B.    Defendant further demands a trial by jury.

WHEREFORE, Defendant State Farm Lloyds prays that Cause No. 401-04478-2015 currently pending in 401st Judicial District of Collin County, Texas, be removed to this Court for determination; that all other and further proceedings in the State Court be stayed, and that Defendant have all additional relief to which it may be entitled.

Respectfully submitted,

JANET K. COLANERI
State Bar No. 04527900

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
(817) 640-1588
(817) 640-1680 [Fax]
janet@colanerifirm.com

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I, JANET K. COLANERI, do hereby certify that I have forwarded by electronic filing and electronic service a true and correct copy of the foregoing Notice of Removal has been served on counsel of record, as listed below on this ___ day of ___, 2015.

Michael S. Carnahan
Carnahan Thomas
1190 North Carroll Avenue
Southlake, Texas 76092

JANET K. COLANERI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ORLANDO TUMACDER and | § | |
| YOLANDA TUMACDER | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS | § | |

### DEFENDANT'S COVER SHEET AND INDEX OF STATE COURT FILINGS

COME NOW DEFENDANT, STATE FARM LLOYDS, pursuant to 28 U.S.C. § 1447 (b),

and file this Index of State Court filings prior to removal to Federal Court on December 14, 2015

State Court records in the file are attached as follows:

1) Plaintiffs' Original Petition - filed October 28, 2015; and served on Defendant on November 18, 2015.

2) Defendant's Original Answer – filed December 11, 2015.

3) Notice of Filing of Removal - filed December 14, 2015

4) Judge's Docket Sheet.

Respectfully submitted,

JANET K. COLANERI
State Bar No. 04527900

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
(817) 640-1588
Fax: (817) 640-1680
janet@colanerifirm.com

ATTORNEYS FOR DEFENDANT

DEFENDANT'S
EXHIBIT
A

## CERTIFICATE OF SERVICE

     I, Janet K. Colaneri, do hereby certify that I have electronically filed and e-service a true and correct copy of the foregoing has been served on counsel of record as listed below on this _14th_ day of _December_, 2015.

Michael S. Carnahan
Carnahan Thomas
1190 North Carroll Avenue
Southlake, Texas 76092

                                      _____
                                 JANET K. COLANERI

Filed: 10/28/2015 11:25:30 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Erika Rhea Deputy
Envelope ID: 7575507

401-04478-2015

CAUSE NO.

| | | |
|---|---|---|
| ORLANDO TUMACDER | § | IN THE DISTRICT COURT |
| and YOLANDA TUMACDER | § | |
| | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME ORLANDO TUMACDER AND YOLANDA TUMACDER (hereinafter referred to as "Plaintiffs") complaining of Defendant STATE FARM LLOYDS (hereinafter referred to as "Defendant") and hereby respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiffs, ORLANDO TUMACDER AND YOLANDA TUMACDER, are individuals and residents of Collin County.

Defendant, STATE FARM LLOYDS ("STATE FARM"), is a domestic insurance company operating in the State of Texas procuring and adjusting policies in Texas. STATE FARM LLOYDS can be served through its registered agent at the following address:

Corporation Service Company
211 E. 7th St. Ste. 620
Austin, TX 78701-3218

PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY – Page 1
Doc. #193004

10/28/2015


DEFENDANT'S
EXHIBIT
tabbies

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Collin County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Collin County, Texas.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

1.      Plaintiffs are the owners of insurance Policy No. 43-CC-C603-1 issued by the Defendant STATE FARM (hereinafter referred to as the "Policy").

2.      Plaintiffs own the insured property which is specifically located at 1528 Cliff Creek Drive, Allen, Texas 75002 (hereinafter referred to as the "Property").

3.      Defendant or its agents sold the Policy, insuring the Property, to Plaintiffs.

4.      On or about April 4, 2014, a high wind and hail storm struck North Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

5.      Plaintiffs submitted a claim to Defendant against the Policy for roof, and other damage the Property sustained as a result of the wind and hail storm.  Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

6.      Defendant assigned Claim Number 43-446B-894 to Plaintiffs' claim.

7.     STATE FARM sent an adjuster, Gary Hodge to inspect Plaintiff's Property. Mr. Hodge, acting on behalf of Defendant, prepared an estimate of Plaintiffs' damages. While the estimate provided for replacement of some of Plaintiffs' shingles and most soft metals, Hodge's estimate substantially underpaid Plaintiff's claim.

8.     Defendant retained Pro-Net Group, Inc. ("Pro-Net") to inspect the exterior of Plaintiff's home and issue a report concerning the cause of damage

9.     Gary Hodge, on behalf of Defendant, sent a letter to Plaintiffs dated May 31, 2014 acknowledging in writing the existence of wind and hail damage to Plaintiffs' Property, including their roof.

10.     Plaintiffs invoked appraisal on or about May 20, 2014, selecting Billy Hill as Plaintiffs' appraiser in the matter. Plaintiffs likewise requested Defendant select a competent, independent appraiser.

11.     Defendant selected appraiser Bill Weatherford as appraiser.

12.     The two appraisers, Hill and Weatherford, agreed upon selecting John LaFleur to serve as their impartial umpire.

13.     On July 29, 2014, appraisal was completed, with Plaintiff's appraiser Billy Hill and umpire John LaFleur signing the Appraisal Award. The award provided for a Loss Actual Value Cost of $6,624.12 and a Loss Replacement Cost of $8,191.07.

14.     Plaintiffs demanded payment of the appraisal award as anticipated by the Policy.

15.     Despite allowing Plaintiffs to invest further time, effort, and money into the appraisal in pursuit of a fair resolution of their claim, STATE FARM denied Plaintiffs claim in a letter dated August 21, 2014, in wanton disregard for the appraisal process.

16.    STATE FARM based their denial of covered damages on "inadequate installation" and "wear and "tear." However, any alleged concerns STATE FARM had regarding installation or wear and tear of Plaintiffs' Property were unknown to Plaintiffs and not significant enough to prevent STATE FARM from insuring Plaintiffs' property or accepting policy payments. Further, STATE FARM'S denial letter did not reference their prior  written acknowledgment of wind and hail damage.

17.    Defendant failed to properly adjust the claims and Defendant have denied Plaintiffs' claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

18.    Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the Property. Further Plaintiffs have suffered additional damage through Defendant's unwillingness to resolve their claim in a timely manner.

19.    Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

20.    Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(l).

21.    Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although

they were aware of their liability to Plaintiffs under the Policy.  Defendant' conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section

541.060 (a)(2)(A).

22.     Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate

settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any

explanation why full payment was not being made. Furthermore, Defendant did not

communicate that any future settlements or payments would be forthcoming to pay for the entire

losses covered under the Policy, nor did it provide any explanation for the failure to adequately

settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

23.     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.

Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the

full and entire claim, in writing from Defendant.  Defendant' conduct constitutes a violation of

the Texas Insurance Code, Unfair Settlement Practices. TEX.INS. CODE Section 541.060(a)(4).

24.     Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even

though Defendant failed to conduct a reasonable investigation. Specifically, Defendant

performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased,

unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.

CODE Section 541.060 (a)(7).

25.     Defendant failed to meet their obligations under the Texas Insurance Code regarding

timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and

requesting all information reasonably necessary to investigate Plaintiffs' claim within the

statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

26.     Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

27.     Defendant failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

28.     . From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant' conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.     As a result of Defendant' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

30.     Plaintiffs experience is not an isolated case. The acts and omissions of Defendant STATE FARM LLOYDS committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling

these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a Wind and Hailstorm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated Section 542 by failing to accept or

reject Plaintiffs' claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Deceptive Trade Practices –Consumer Protection Act ("DTPA"). Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to· bringing this cause of action against Defendant. Specifically, Defendant' violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant have violated Tex. Bus. Comm. Code, Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In addition, to these violations, Defendant engaged in unconscionable conduct as that term is defined in the DTPA.

In this respect, Defendant' violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that the insurance policy and Defendant' adjusting and investigative services had characteristics or benefits that they did

not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA; As described in this petition, Defendant represented to Plaintiffs that the insurance policy and Defendant' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

A.    As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

B.    As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

C.    Defendant have breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D.    Defendant' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a

grossly unfair degree. Defendant' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

E.      Defendant' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant are guilty of the following unfair insurance practices:

A.      Engaging in false, misleading, and deceptive acts or practices in the business of

insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.   Refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim

without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant have also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

### F. Cause of Action for Fraud

Defendant are liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home

"malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

### XII. ATTORNEYS' FEES

As a result of Defendant' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### XIII. WRITTEN DISCOVERY

*Plaintiffs' Request for Disclosure, Requests for Production, and Interrogatories to Defendant* are attached hereto.

### XIV. JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article I, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

### XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to

appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled to receive.

Respectfully submitted,

**CARNAHAN THOMAS**

By: _[signature]_

**Michael S. Carnahan**
TBN 03825700
mcarnahan@carnahanthomas.com

**Grant P. Boston**
TBN 24081984
gboston@carnahanthomas.com

1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
(817) 424-1003 (Fax)

ATTORNEYS FOR PLAINTIFFS

CAUSE NO.

| | | |
|---|---|---|
| ORLANDO TUMACDER | § | IN THE DISTRICT COURT |
| and YOLANDA TUMACDER | § | |
| | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION, INTERROGATORIES, AND REQUESTS FOR ADMISSION TO DEFENDANT STATE FARM LLOYDS

TO:   Defendant, STATE FARM LLOYDS by and through its respective agent for service of process along with Plaintiffs' Original Petition which is attached hereto.

COME NOW, ORLANDO TUMACDER AND YOLANDA TUMACDER ("Plaintiffs")

and, pursuant to the Texas Rules of Civil Procedure, hereby serve their Request for Disclosure,

Requests for Production, Interrogatories, and Requests for Admissions. Plaintiffs request that

Defendant timely and properly respond to these discovery requests within 50 days of service in

accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

**CARNAHAN THOMAS**

By: _Michael Carnahan_

**Michael S. Carnahan**
TBN 03825700
mcarnahan@carnahanthomas.com
**Grant P. Boston**
TBN 24081984
gboston@carnahanthomas.com

1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
(817) 424-1003 (Fax)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiffs'

Original Petition on each Defendant in accordance with the Texas Rules of Civil Procedure.

Michael S. Carnahan
Grant P. Boston

## INSTRUCTIONS

1. Produce the Documents in your possession, custody, or control, as such phrase is defined in Texas Rule of Civil Procedure 192.7(b), described in the attached requests for production, at the offices of the undersigned counsel within fifty (50) days following service of the request upon you.

2. Please respond to the attached interrogatories in accordance with the requirements of Texas Rule of Civil Procedure 197 and return your responses to the offices of the undersigned counsel within fifty (50) days following service of the request upon you.

3. Please respond to the attached Request for Production in accordance with the requirements of Texas Rule of Civil Procedure 196 and return your responses to the offices of the undersigned counsel within fifty (50) days following service of the request upon you.

4. Pursuant to Rule 197.2(d), your Interrogatory answers must be verified. Pursuant to Rule 197.2(c), where appropriate, you may optionally produce records in response to the Interrogatories. Place your response to each Request and interrogatory in a separate document and restate each Request and Interrogatory followed by your response.

5. Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural, feminine, or neuter, as the context requires, and vice versa.

6. The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, or vice versa.

7. Each request is to be construed and answered or responded to separately and independently, and is not to be referenced to any other request for purposes of limitations.

8. These requests and interrogatories and your answers to them may be offered in evidence at the trial of this case.

9. Your failure to respond to these requests and interrogatories as required by the Texas Rules of Civil Procedure within the time required may result in entry of judgment against you, assessment of attorney's fees against you, or other sanctions as determined by the Court.

10. These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answers are no longer correct or complete.

11. Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the requests to which they respond.

12.     These requests include request for production of electronic or magnetic data by either: (1) providing the undersigned counsel with access to the medium upon which such date is kept so that such data may be reviewed, copied and/or printed; or (2) providing the undersigned counsel with a copy of such data on disk, CD, tape or other acceptable medium in a form in which it may be reviewed, copied and/or printed.

13.     The Interrogatories and Requests herein requesting information concerning legal contentions and the factual bases of such contentions are propounded pursuant to Texas Rules of Civil Procedure, Paragraph 192.3(j).

14.     If you withhold any Documents from production, please identify the information and material withheld and the specific privilege asserted for each item or group of items withheld, as required by Texas Rules of Civil Procedure 193.3(b). **THIS IS A REQUEST FOR A PRIVILEGE LOG.**

## DEFINITIONS

1.      "Defendant" or "STATE FARM LLOYDS" or "STATE FARM" "You," "Your," and/or "Yourself" means Defendant STATE FARM LLOYDS and includes that Defendant's respective agents, representatives, attorneys, and any other person or entity acting on behalf of that Defendant.

2.      "Plaintiff" or "Plaintiffs" means Plaintiffs, ORLANDO TUMACDER AND YOLANDA TUMACDER and their agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

3.      The "Property" or "Plaintiffs' Property" means the residence(s) specifically described in Plaintiffs' Petition and which is the insured's property(ies) at issue in this Lawsuit, 1528 Cliff Creek Drive, Allen, Texas 75002.

4.      "Other Insured Claims" shall mean claims made by other insureds of Defendant or any of its affiliated companies for losses that April 4, 2014 at properties located within a 5 mile radius of Plaintiff's Property, as a result of a storm.

5.      The "Lawsuit" means the above-styled and numbered case.

6.      "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiffs and/or any Defendant.

7.      The "Petition" means Plaintiffs' Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

8.      The "Policy" means the policy or policies identified in Plaintiffs' petition forming the basis of this Lawsuit.

9.  The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named or defined hereinabove, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail - whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; websites or website bookmarks or website history, brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone cmi1munications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data .compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. This definition requires you to search for and produce electronic Documents.

10. The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board, committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

11. The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

12. The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquiries or otherwise, including but not limited to emails, text messages, instant messages, written Documents, facsimiles, saved computer data, and audio and video recordings.

13. "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

14. The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise. Communications includes, but is not limited to, all agreements.

15.    The term "or" as used herein shall mean and include "and" or "and/or".

16.    The term "all" as used herein shall mean "any" and "all".

17.    The term "including" as used herein shall mean "including but not limited to".

18.    The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event, transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

19.    Certain other terms may be defined within the discovery requests herein.

### REQUEST FOR DISCLOSURE TO STATE FARM LLOYDS

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiffs request that Defendant STATE FARM LLOYDS disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2, subparts (a) through (l).

(a)    the correct names of the parties to the lawsuit.

(b)    the name, address, and telephone number of any potential parties.

(c)    the legal theories and, in general the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).

(d)    the amount and any method of calculating economic damages;

(e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with this lawsuit;

(f)    for any testifying expert:

    (1)    the expert's name, address, and telephone number;
    (2)    the subject matter on which the expert will testify;
    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
    (4)    if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

<div style="margin-left:2em">

(A)    all documents, tangible things, reports, models, or data-compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B)    the expert's current resume or bibliography.

</div>

(g)    any discoverable indemnity and insuring agreements.

(h)    any discoverable settlement agreements.

(i)    any discoverable witness statements.

(j)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

(k)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The correct names, address, and telephone number of any person who may be designated as a responsible third party.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO STATE FARM LLOYDS

Please produce the following documents or tangible things:

1.    A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiff's claim(s).

2.    The entire claims investigation files generated and/or maintained by Defendant STATE FARM in the ordinary course of business pertaining to Plaintiffs claim(s) making the basis of this lawsuit.

3.    Any estimates or reports prepared in connection with Plaintiff's claims.

4.    Your entire claim file regarding Plaintiffs' Property, prior to the filing of this lawsuit.

5.    Documents sufficient to identify the full names, addresses, phone numbers, and property locations of any other claimants within a 5 mile radius of Plaintiff's Property, who were insured by Defendant or any of its affiliated companies, and who alleged losses or damage to their property within 72 hours of April 3, 2014, as a result of a storm ("Other Insured Claims" as identified in the Definitions section above.)

6.     All claim files, estimates and amounts paid by Defendant or any of its affiliated companies in connection with Other Insured Claims.

7.     Your entire claims investigation file in connection with Other Insured Claims.

8.     All training and educational materials which instruct claims adjusters or claims handlers in handling claims for property damage and storm damage coverage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

9.     All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and storm damages, including manuals or guides containing information regarding the criteria for and the process for evaluating whether coverage exists under homeowners' policies in Texas. This request is limited to the last five (5) years.

10.     All non-privileged e-mails regarding the investigation, adjusting and/or handling of the claim(s) made the basis of this Lawsuit.

11.     All communications and documents, including electronic, between or among any of the Defendant regarding Plaintiffs, Plaintiff's claim(s) or Plaintiff's Property.

12.     All communications and documents, including electronic, between any of the Defendant and any third party regarding Plaintiffs, Plaintiff's claim(s) or Plaintiff's Property.

13.     All communications and documents, including electronic, between Defendant's business departments including all persons part of the Defendant's company regarding Plaintiffs, Plaintiff's claim(s) or Plaintiff's Property.

14.     True and complete copy of activity logs filed by the staff and adjusters on the file regarding Plaintiff's claims.

15.     All photographs, diagrams, drawings, or other graphic depictions of Plaintiffs and/or Plaintiff's Property.

16.     Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit including but not limited to all estimates prepared by all claims adjusters of Defendant regarding Plaintiff's Property and all reports prepared by all adjusters, contractors, and/or engineers hired by Defendant to inspect, test, or observe the Property.

17.     All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

18.  Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff's under their homeowner insurance policies, specifically regarding damage to the exterior and interior of Plaintiff's property. This request is limited to the last ten (10) years.

19.  Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendor list."

20.  Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

21.  Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list".

22.  All documents including reports, estimates, data, emails, testing, sampling, videos and photographs received by Defendant from any source regarding inspections of Plaintiff's property.

23.  Any and all records Defendant STATE FARM received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property.

24.  Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property.

25.  Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property.

26.  Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiff's Property.

27.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding charges of bad faith. This request is limited to the last five (5) years.

28.  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property and storm damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

29.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims

handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

30.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 et seq. This request is specifically limited to the last five (5) years.

31.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. This request is specifically limited to the last five (5) years.

32.   Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth. This request is limited to the last five (5) years.

33.   Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner claims in Texas. This request is limited to the last five (5) years.

34.   A copy of each advertisement Defendant STATE FARM has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

35.   Any and all reference materials, handouts, manuals, outlines, articles, and/or documents used or relied upon by Defendant STATE FARM to conduct any seminars and/or continuing education classes for Defendant STATE FARM'S employees and/or adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and storm damage claims in Texas. This request is limited to the last five (5) years.

36.   Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant STATE FARM'S to claims representatives and/or adjusters, or received by claims Representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjuster and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and storm damage claims in Texas. This request is limited to the last five (5) years.

37.   Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant STATE FARM'S employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or

handling of homeowner insurance claims, commercial insurance claims, property and storm damage claims in Texas, within the last five (5) years.

38.     Any and all training manuals used by you to train your adjusters on property damage and storm damage claims. This request is limited to the last five (5) years.

39.     Any and all materials reflecting Defendant STATE FARM'S attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims and property damage and storm damage claims in Texas. This request is limited to the last five (5) years.

40.     Any and all materials, documents, files and/or reports sent to Defendant  STATE FARM by its employer, employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's property.

41.     Any and all materials, documents, files and/or reports containing list(s) of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant STATE FARM in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

42.     Any and all computer programs, electronic data, documents and/or manuals used by the adjusters and claims representatives to perform property damage and storm damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

43.     Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant STATE FARM regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

44.     Any and all materials, documents, files and/or reports of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant STATE FARM in Texas. This request is limited to the last five (5) years.

45.     Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant STATE FARM.

46.  Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering and/or foundation repair companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant STATE FARM. This request is limited to the State of Texas. This request is limited to the last five (5) years.

47.  Any and all activity logs relating to Plaintiff's claim(s) for property and storm damage claims, to their Property, specifically the claim(s) made the basis of this Lawsuit.

48.  Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant STATE FARM contends applied to Plaintiff's claim(s).

49.  Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

50.  Any and all records, including but not limited to correspondence, payment logs, or checks (both front and back sides, whether negotiated or not negotiated) reflecting payment of any kind to or on behalf of Plaintiffs concerning Plaintiff's claim(s) made the basis of this suit.

51.  Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

52.  Any and all documents, including correspondence and checks, exchanged between Defendant STATE FARM and any and all vendors concerning Plaintiff's claim(s).

53.  All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant STATE FARM from Plaintiff's Property.

54.  Any and all indemnity agreement between Defendant STATE FARM and any other defendant, person, entity, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

55.  Any and all complaint policies and procedures of Defendant STATE FARM regarding the handling of complaints made by homeowner insureds. This request is limited to the last five (5) years.

56.  True and complete copies of all billing records from any and all adjusters and engineers regarding the claim(s) made the basis of this Lawsuit.

57. Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

58. Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes, and requests made by adjusters. This request is limited to the last five (5) years.

59. Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage and storm damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

60. Any and all correspondence between Plaintiff and/or Defendant STATE FARM and/or its agents and TDI regarding this claim.

61. The entire underwriter's file for underwriting the insurance policy made the basis of this Lawsuit.

62. All notes, reports, documents, or applications created and/or generated by Defendant STATE FARM'S underwriting department related to the insurance Policy made the basis of this lawsuit.

63. Any correspondence between Defendant STATE FARM and any of its employees regarding target loss ratios or acceptable loss ratios and how Defendant STATE FARM calculates loss ratios for the company and for any of its employees.

64. Any and all documents reflecting communications between STATE FARM and any of its employees regarding bonuses or other compensation to its employees which are based in whole or in part on loss ratios for the company or its employees or the profitability of the company or its employees.

65. Any documents which reflect internal policies of Defendant STATE FARM which reward employees with compensation or other benefits for keeping loss ratios at or below a certain level or bonuses that relate to the profitability of the company.

66. All documents which reflect how Defendant STATE FARM'S loss ratios and/or loss ratios for individual adjusters are calculated.

67. All documents reflecting Defendant STATE FARM'S target loss ratio for 2013, 2014 and 2015.

68. All storm reports or storm data from any source regarding storms within 5 miles of Plaintiff's Property with 72 hours of April 4, 2014.

## INTERROGATORIES TO STATE FARM LLOYDS

1.  State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

2.  If you contend that any conditions precedent to Plaintiffs recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contention.

3.  List the date(s) Defendant received Plaintiffs notice of claim(s) for coverage for property damages and the date(s) Defendant first acknowledged Plaintiffs' notice of claim(s) and in what form the notice of claim was submitted.

4.  List the full names, addresses, telephone number, and property address for any other claimants within a 5 mile radius of Plaintiffs' Property, who were insured by Defendant or any of its affiliated companies, and who alleged losses or damage to their property within 72 hours of April 4, 2014.

5.  State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiffs' claim(s). For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

6.  Please state the date that you anticipated litigation in connection with Plaintiffs' claim and set forth each and every reason that supports your position that litigation was anticipated on that date.

7.  State every basis, in fact and in the terms of Plaintiffs' Policy, for Defendant's denial and/or partial denial of Plaintiff's claim(s) under the Policy.

8.  State every basis, in fact and in the terms of Plaintiffs' Policies, for Defendant's failure to pay the full amount of damages claimed by Plaintiffs under the Policy.

9.  State every basis, in fact and in the terms of Plaintiffs' Policy, for the amount of money Defendant has either paid or offered to pay, if any, for Plaintiff's claim(s) under the Policy.

10. State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060 et.seq or violations of Texas Insurance Code §542.055 et seq. in the handling of first party claims for property damage and storm damage coverage under homeowners' insurance policies.

11.    Identify by name, address, and telephone number, all persons or entities, agency or agents, underwriters, and brokers that were in any way involved with issuing Plaintiffs' Policy.

12.    Identify your basis for belief for stating that damages to Plaintiffs' property are not consistent with weather related damages, despite a previous finding of such damage.

13.    For each conversation that any agent, employee or representative from STATE FARM LLOYDS had with Plaintiff or Plaintiff's public adjuster, please detail:

    a.   The time and place of the conversation;
    b.   The topics discussed; and
    c.   What, if any statements Plaintiff or Plaintiff's public adjuster made to Defendant regarding damage to Plaintiff's Property.

14.    State every objection that STATE FARM had to Plaintiffs' request for appraisal at the time of invocation.

15.    Identify each objection that STATE FARM had to the appointment of umpire John LaFleur, and whether such objections, if any, were communicated to Plaintiffs or representatives of Plaintiffs.

16.    For each conversation that any agent, employee, or representative from STATE FARM had with Umpire John LaFleur regarding Plaintiff's Property, please detail:

    a.   The time and place of the conversation; and
    b.   The matter or matters discussed.

17.    For each conversation that any agent, employee or representative from STATE FARM had with Gary Hodge regarding Plaintiffs' Property please detail:

    a.   The time and place of the conversation; and
    b.   What was said regarding the condition of Plaintiffs' Property and/or the cause of damage.

## REQUESTS FOR ADMISSION TO DEFENDANT STATE FARM LLOYDS

1. Admit that Plaintiffs reported their claim in a timely manner

2. Admit that STATE FARM committed  common law bad faith in adjusting Plaintiffs' claim

3. Admit that STATE FARM committed statutory bad faith in adjusting Plaintiffs' claim.

4. Admit that STATE FARM, or adjusters working on behalf of STATE FARM identified wind and hail damage to Plaintiffs' Property, including shingles and soft metal on Plaintiffs' roof

5. Admit that Plaintiffs had a contract with STATE FARM, wherein STATE FARM would provide homeowner's coverage for wind and hail damage occurring within the Policy period.

6. Admit that April 4, 2014 was within the covered period of Plaintiffs' Policy with Defendant STATE FARM.

7. Admit that STATE FARM engaged in unconscionable conduct with respect to Plaintiffs.

8. Admit that, at the time Plaintiffs invoked appraisal, STATE FARM had no intention of issuing payment to Plaintiffs, regardless of the results of appraisal.

9. Admit that STATE FARM's denial of coverage for damage to Plaintiffs' residence, Claim Number 43-446B-894 was wrongful.

10. Admit that STATE FARM failed to timely advise Plaintiffs that STATE FARM would not provide coverage for Claim Number 43-446B-894.

11. Admit that Plaintiffs' roof was damaged by wind and hail, with the damage occurring on or about April 4, 2014.

12. Admit that Plaintiffs' Policy, 43-CC-C603-1 provides coverage for losses caused by wind and hail.

13. Admit that neither STATE FARM nor its agents raised a formal objection to Plaintiffs' invocation of appraisal.

14. Admit that neither STATE FARM nor its agents raised a formal objection to the appointment of umpire John LaFleur.

15. Admit that Gary Hodge, working on behalf of Defendant STATE FARM, identified hail and wind damage to Plaintiffs' Property.

Delivered 11/12/15 by certified mail No. 7013 3020 0000 8919 7620

Electronically Se

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.401-04478-2015

Orlando Tumacder and Yolanda Tumacder vs. State Farm
Lloyds

In the 401st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file
a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: State Farm Lloyds
can be served through its registered agent
Corporation Service Company
211 E 7th St Ste 620
Austin TX 78701-3218, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition with
Discovery Attached** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the
date of service of this citation before the Honorable 401st District Court of Collin County, Texas at the Courthouse of
said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Michael S Carnahan 1190 N Carroll Ave Southlake TX 76092
(Attorney for Plaintiff or Plaintiffs), on October 28, 2015, in this case, numbered 401-04478-2015 on the docket of
said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition with
Discovery Attached** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 30th day of October, 2015.

ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By _____, Deputy
Erika Rhea

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any
questions you have should be directed to an attorney.

Filed: 12/10/2015 9:46:11 AM
Yoon Kim
District Clerk
Collin County, Texas
By Christina Zamora Deputy
Envelope ID: 8172477

## CAUSE NO. 401-04478-2015

| | | |
|---|---|---|
| **ORLANDO TUMACDER and YOLANDA TUMACDER** | § § § | **IN THE DISTRICT COURT** |
| **VS.** | § § | **COLLIN COUNTY, TEXAS** |
| **STATE FARM LLOYDS** | § | **401ST JUDICIAL DISTRICT** |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW STATE FARM LLOYDS, Defendant in the above-styled and numbered cause and files this Defendant State Farm Lloyds' Original Answer and for such would show the Court the following:

I.

### General Denial

Defendant enters a general denial in accordance with the provisions of Rule 92, Texas Rules of Civil Procedure.

II.

### Jury Demand

Defendants respectfully request a trial by jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds prays that upon final trial hereof, Plaintiffs takes nothing of this suit against this Defendant and that this Defendant go hence with its costs.

---



Respectfully submitted,

JANET K. COLANERI
State Bar No. 04527900
janet@colanerifirm.com
MARCUS C. MARSDEN, JR.
State Bar No. 13014200
marcus@colanerifirm.com
THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
Phone: 817-640-1588
Fax:  817-640-1680

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I do hereby certify that I have forwarded by Facsimile, a true and correct copy of the above and foregoing **Defendant's State Farm Lloyds's Original Answer** in this cause to the attorney for Plaintiff as listed below on this _10th_ day of December, 2014.

Michael S. Carnahan
Carnahan Thomas
1190 North Carroll Avenue
Southlake, Texas 76092

Marcus C. Marsden, Jr.

CAUSE NO. 401-04478-2015

| | | |
|---|---|---|
| ORLANDO TUMACDER and<br>YOLANDA TUMACDER | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | COLLIN COUNTY, TEXAS |
| STATE FARM LLOYDS | §<br>§ | 401ST JUDICIAL DISTRICT |

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant State Farm Lloyds, has filed in the United States District Court for the Eastern District of Texas, Sherman Division, a Notice of Removal of the above-styled Cause No. **401-04478-2015**, originally filed in this Court, and removed to the United States District Court for the Eastern District of Texas, Sherman Division, and that a true and correct copy of said Notice of Removal is being filed with the clerk of the United States District Court, to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said Notice of Removal is attached to this Notice.

Respectfully Submitted,

JANET K. COLANERI
State Bar No. 04527900
janet@colanerifirm.com

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, TX 76006
817/640-1588
Fax: 817/640-1680

ATTORNEYS FOR DEFENDANT

NOTICE OF FILING OF REMOVAL



## CERTIFICATE OF SERVICE

I, JANET K. COLANERI, do hereby certify that I have forwarded by electronic filing and e-service a true and correct copy of the above and foregoing **Notice of Filing of Removal** in this cause to the attorney for Plaintiff as listed below on this _9_ day of _December_, 2015.

Michael S. Carnahan
Carnahan Thomas
1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
Fax: (817) 424-1003
mcarnahan@carnahanthomas.com
sbn: 03825700

JANET K. COLANERI



## COLLIN COUNTY
### collincountytx.gov

(http://www.collincountytx.gov)

Back to Main Search Results (/JudicialRecords/Search?searchType=Party&caseTypes=CR%2CCV%2CFAM%2CPR&nodes=7&inmatepage=1&warrantpage=1&casepage=1&civilpaperpage=1&searchCriteria=%7Ctumacder%7C&searchResultType=15)

# Case Details

## Case History

**Case Number**
401-04478-2015

**Date Filed**
10/28/2015

**Case Type**
All Other Civil Cases

**Status**
Pending

**Style**
Orlando Tumacder and Yolanda Tumacder vs. State Farm Lloyds

**Judicial Officer**
Rusch, Mark in 401st District Court

## Parties

| Type | Name | DOB | Attorney | Address |
|------|------|-----|----------|---------|
| Defendant | State Farm Lloyds | | Pro Se | |
| Plaintiff | Tumacder, Orlando | | Michael S Carnahan | |
| Plaintiff | Tumacder, Yolanda | | Michael S Carnahan | |



## Case Events

| Date | Event | |
|------|-------|---|
| 10/28/2015 | Plaintiff's Original Petition (OCA) $293.00 | Details |

| 10/29/2015 | Request for Citation $8.00 | |
|---|---|---|
| 10/29/2015 | Jury Fee Paid $30.00 | |
| 10/30/2015 | Citation | |
| 12/01/2015 | Service Return | Details |
| 12/10/2015 | Original Answer | Details |

## Financial Summary

| Party Type | Charges | Payments | Balance |
|---|---|---|---|
| Plaintiff | $331.00 | $331.00 | $0.00 |

## Transactions

| Date | Amount | |
|---|---|---|
| 10/29/2015 | $331.00 | Details |
| 10/29/2015 | ($331.00) | Details |

Back to Main Search Results (/JudicialRecords/Search?searchType=Party&caseTypes=CR%2CCV%2CFAM%2CPR&nodes=7&inmatepage=1&warrantpage=1&casepage=1&civilpaperpage=1&searchCriteria=%7Ctumacder%7C&searchResultType=15)

Copyright © 2015 Collin County Texas * All Rights Reserved * 972.548.4100 (McKinney) * 972.424.1460 (Metro)

Privacy & Accessibility (http://www.collincountytx.gov/Pages/privacy.aspx)